UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE WALKER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6347** |
| **ST. TAMMANY PARISH SCHOOL BOARD,**<br>    **Defendant** | **SECTION: "E" (4)** |

ORDER AND REASONS

This is a failure-to-promote case.  Plaintiff asserts claim for race discrimination, age discrimination, and retaliation.  Defendant has moved for summary judgment.[1]  The questions presented are (1) whether certain claims are procedurally defective, and (2) whether any remaining claims are adequately supported by the summary judgment record.  For the following reasons, the Motion is GRANTED, and this matter is DISMISSED WITH PREJUDICE.

BACKGROUND[2]

The basic facts are undisputed.  Plaintiff Eddie Walker is an African-American female over the age of 40.  Defendant St. Tammany Parish School Board manages the public school system in St. Tammany Parish.  Plaintiff has served as assistant principal at William Pitcher Junior High School in Covington, Louisiana since 2008.

On June 13, 2012, Defendant posted a job vacancy for the position of principal at Chahta-Ima Elementary School.  The posting provided that application packets should

---

[1] R. Doc. 28.
[2] Neither party has done a sufficient job developing the record.  The Court has filled in the gaps as best it can.

1

be sent to W.L. "Trey" Folse, III ("Folse"), the Superintendent for Defendant. The posting further advised that any questions should be sent to Defendant's Assistant Superintendent, Peter Jabbia ("Jabbia").

Plaintiff applied for the position and was interviewed with other candidates on July 6, 2012 (the "2012 Application").[3] Folse, Jabbia, Assistant Superintendent William Brady, and Defendant's Supervisor of Human Resources, Dorable Dangerfield, conducted the interviews. The panel selected Gary Malbrough ("Malbrough") for the position by unanimous vote. Malbrough is a 51-year-old white male.

On February 3, 2013, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The charge alleged Plaintiff was not selected for the principal position at Chahta-Ima Elementary School due to her age, race, and sex. The charge also alleged retaliation.[4]

Plaintiff again applied for the principal position at Chahta-Ima Elementary School in 2013 (the "2013 Application"). She and other candidates interviewed on June 4, 2013. The panel selected Raphael Tillman ("Tillman") for the position by unanimous vote. Tillman is a 36-year-old African-American male.

Plaintiff filed the instant suit on November 16, 2013.[5] She alleges race discrimination, age discrimination, and retaliation based on the 2012 Application and the 2013 Application.[6] Defendant now moves for summary judgment.

---

[3] The record is unclear how many candidates interviewed for the position.
[4] The circumstances of any alleged retaliatory action are not identified in the EEOC charge.
[5] R. Doc. 1. Folse was initially named as a defendant but was later dismissed. R. Doc. 17.
[6] The parties spill much ink discussing a third alleged incident of discrimination which occurred in 2011. That incident is not referenced in the complaint. Accordingly, it is not part of this case and will not be addressed.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."[8] The Court reviews the evidence in the light most favorable to the non-moving party.[9]

**LAW AND ANALYSIS**

Defendant argues any claims based on the 2013 Application should be dismissed for failure to exhaust administrative remedies. With respect to claims based on the 2012 Application, Defendant argues there is no evidence of discrimination or retaliation. The Court addresses each Application separately.

**I. 2013 Application**

Employment discrimination plaintiffs must exhaust administrative remedies before filing suit under Title VII or the ADEA.[10] A plaintiff meets this requirement if he (1) files a timely charge with the EEOC, and (2) receives a right to sue letter.[11] There is no evidence that Plaintiff amended her EEOC charge to reference the 2013 Application or that Plaintiff filed a subsequent EEOC charge. Accordingly, any discrimination claims based on the 2013 Application must be dismissed.[12]

---

[7] Fed. R. Civ. P. 56(a).
[8] *Thorson v. Epps*, 701 F.3d 444, 445 (5th Cir. 2012).
[9] *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).
[10] *See McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) ("Title VII requires employees to exhaust their administrative remedies before seeking judicial relief."); *Julian v. City of Hous., Tex.*, 314 F.3d 721, 725 (5th Cir. 2002) ("[A] person seeking relief under the ADEA must first file an administrative charge with the EEOC.").
[11] *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002).
[12] Indeed, Plaintiff concedes in her opposition memorandum "there is not [sic] basis in fact or in law that will allow her to proceed with the . . . 2013 claim[]."). R. Doc. 39, p. 9.

3

## II.  2012 Application

Plaintiff alleges race discrimination, age discrimination, and retaliation based on Defendant's failure to promote her in 2012.  Absent evidence of direct discrimination,[13] claims of race discrimination and age discrimination are governed by the *McDonnell-Douglas* burden-shifting framework.[14]  Under that framework, a plaintiff must first establish a *prima facie* case of discrimination.[15]  If the plaintiff is successful, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for its employment decision.[16]  If the defendant carries its burden, the inference of discrimination disappears,[17] and the burden shifts back to the plaintiff to prove the defendant's articulated reason (a) is mere pretext for discrimination, (b) or, if true, is only one of the reasons for its decision, and another "motivating factor" is the plaintiff's protected characteristic.[18]

### A.  *Race Discrimination*

In order to establish a *prima facie* case of race discrimination for failure to promote, a plaintiff must prove "(1) she was within a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position she sought was filled by someone outside the protected class."[19]  There is no dispute Plaintiff is within a protected class, was not promoted, and the position for which she applied

---

[13] *See Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000) ("Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of *McDonnell Douglas Corp. v. Green*.") (internal citation omitted).
[14] *See Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (applying *McDonnell-Douglas* in Title VII case); *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008) (applying *McDonnell-Douglas* in ADEA case).
[15] *Autry v. Fort Bend Ind. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013).
[16] *Turner v. Kan. City. S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012).
[17] *Davis v. Dall. Area Rapid Transit*, 382 F.3d 309, 317 (5th Cir. 2004).
[18] *See Autry*, 704 F.3d at 347.
[19] *Blow v. City of San Antonio, Tex.*, 236 F.3d 293, 296 (5th Cir. 2001).

4

was filled by someone outside the protected class. The viability of Plaintiff's claim turns instead on the second element of a *prima facie* case—qualifications.

"A plaintiff must demonstrate that he meets objective promotion criteria at the prima facie stage of his case."[20] Plaintiff has not produced sufficient evidence that she meets objective promotion criteria for the principal position at Chahta-Ima Elementary School. The only evidence of Plaintiff's qualifications is set forth in her five-paragraph application for the position.[21] Moreover, Plaintiff has not even argued—much less demonstrated—that these qualifications satisfy objective promotion criteria. In fact, as set forth in her opposition memorandum, Plaintiff believes the Court "must presuppose that the [plaintiff] was qualified for the position(s) sought that are the subject matter of this complaint."[22] This erroneous statement of law underscores Plaintiff's inability to establish a *prima facie* case.

But even if Plaintiff could meet her initial burden, Defendant has proffered a legitimate, non-discriminatory reason for failing to promote her: the chosen candidate was more qualified.[23] Accordingly, the burden shifts back to Plaintiff to prove pretext or mixed motives.[24] At the summary judgment stage, the relevant inquiry is "whether there is a conflict in substantial evidence to create a jury question regarding discrimination."[25]

The only theory of discrimination supported by even a modicum of evidence relates to the process of submitting applications, rather than the decision-making

---

[20] *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 469 (5th Cir. 2001) (emphasis added).
[21] *See* R. Doc. 39-4.
[22] R. Doc. 39, p.5.
[23] *Cf. Turner*, 675 F.3d at 900 (noting that at second stage of *McDonell-Douglas* analysis, "the defendant is not required to persuade the court that it was actually motivated by the proffered reasons[.] . . .") (internal quotation marks omitted).
[24] *See supra* note 16.
[25] *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000).

process itself.[26] The job posting requires that applications be sent to Folse and that any questions be sent to Jabbia. Four of the five applicants sent applications to Folse. Malbrough—the white male who was eventually offered the position—sent his application to Jabbia. Thus, Defendant still considered Malbrough for the position even though he sent his application packet to the wrong person. This, according to Plaintiff, establishes a genuine issue of material fact with respect to discrimination.

The Court disagrees. No rational juror could infer discrimination from the fact that Defendant allowed Malbrough to submit his application to an Assistant Superintendent—who was specifically referenced in the job posting—rather than the Superintendent. Because there is no conflict in substantial evidence, summary judgment is appropriate.

B. *Age Discrimination*

A plaintiff must demonstrate the following in order to establish a *prima facie* case of age discrimination based on failure to promote: (1) she belongs to the protected class, (2) she applied to and was qualified for a position for which applicants were being sought, (3) she was rejected, and (4) another applicant not belonging to the protected class was hired.[27] As discussed above, Plaintiff has not established she was qualified for the position sought. More importantly, Plaintiff cannot establish that another applicant outside the protected class was hired. Under the ADEA, the protected class is defined as

---

[26] Plaintiff advances other theories of discrimination in her opposition but none are supported by citations to the record. For example, Plaintiff baldly asserts Malbrough was encouraged to apply for the principal position. *See* R. Doc. 39, p. 7. Similarly, Plaintiff references prior deposition testimony wherein she allegedly testified "that the defendant would contact the individual who would receive a particular job and inform them that they should apply." *Id.* Plaintiff has not attached the deposition testimony to her opposition memorandum.
[27] *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 681 (5th Cir. 2001).

6

persons 40 years of age or older.[28]  Plaintiff was over 40 years old at the time of the 2012 Application;[29] Malbrough was 51 years old.  Because Malbrough is also a member of the protected class, Plaintiff's age discrimination claim has no basis in law.

C. *Retaliation*

To establish a claim for retaliation under 42 U.S.C. § 1983,[30] Plaintiff must show that (1) she engaged in a protected activity; (2) she suffered an adverse employment action; (3) a causal connection exists between the protected activity and the employment action; and (4) the execution of a policy, custom, or practice of Defendant caused the employment action.[31]  Plaintiff has not provided any evidence of these elements.  In fact, her opposition memorandum does not even mention retaliation.  Accordingly, there is no genuine dispute of material fact.  Summary judgment is appropriate.[32]

## CONCLUSION

For the reasons previously stated, summary judgment will be entered in favor of Defendant.

**New Orleans, Louisiana, this 21st day of January, 2015.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[28] *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 353 n.22 (5th Cir. 2005); *see also* 29 U.S.C. § 631(a).
[29] The record is unclear as to Plaintiff's exact age.
[30] Plaintiff's complaint expressly states that her retaliation claim is brought under 42 U.S.C. § 1983.
[31] *Banks v. E. Baton Parish Parish Sch. Bd.*, 320 F.3d 570, 579—80 (5th Cir. 2003).
[32] To the extent Plaintiff also asserts a retaliation claim based on the 2012 Application, that claim fails as well.